214 N.J. Super. 497 (1987)
520 A.2d 415
DAVE'S TRASH REMOVAL, PLAINTIFF-APPELLANT,
v.
CHARM CITY EQUIPMENT CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
December 10, 1986.
Decided January 20, 1987.
*499 Before Judges FURMAN, DREIER and SHEBELL.
Christopher H. Riley, Jr., for appellant (Cynthia J. Burnside, on the brief).
Megargee, Youngblood, Franklin & Corcoran, for respondent (Neil Stackhouse, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiff, an operator of a trash hauling business in New Jersey, has appealed from the dismissal of his complaint alleging defendant's breach of warranty arising under a contract for sale of a Mack truck by defendant. Plaintiff is a New Jersey resident. Defendant is a corporation organized and doing business in Maryland. The contract was signed in Maryland, and plaintiff took delivery of the truck in that state and drove it back to New Jersey. Plaintiff alleged that soon after its purchase the truck developed numerous mechanical difficulties including a lack of engine power, a miss in the engine, malfunctions in the brake system, a loose transmission and blocked fuel lines. Plaintiff allegedly advised defendant of these problems, but defendant refused to remedy them. Plaintiff has repaired the truck at his own expense and has been deprived of its use for a substantial period.
Plaintiff instituted suit in New Jersey by serving defendant by certified mail pursuant to R. 4:4-4(c)(1). Defendant moved *500 to dismiss the complaint with prejudice on the basis of lack of in personam jurisdiction over defendant. The trial judge granted the order on May 6, 1986[1]. In this appeal plaintiff does not contest defendant's statement that it does not "own, rent, or lease any property in New Jersey," maintains no bank accounts, equipment, or inventory in New Jersey, and "does not have any officers, salesmen or other employees or agents who work, solicit business, or reside in New Jersey."
Plaintiff said it was attracted to the transaction through an advertisement soliciting the purchase of the truck in a national waste hauler's magazine, distributed in New Jersey. Plaintiff focuses on the efforts of defendant to solicit out-of-state business as a basis for showing sufficient contacts by defendant in this State to warrant in personam jurisdiction over defendant under International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2181-2182, 85 L.Ed.2d 528, 540 (1985). Although this argument was rejected by the trial judge, we need not pass upon the correctness of that decision. Cf. Radigan v. Innisbrook Resort & Golf Club, 142 N.J. Super. 419 (Law Div. 1976), rev'd. in part and aff'd in part 150 N.J. Super. 427 (App.Div. 1977). We prefer, however, to base our reversal upon the totality of circumstances, including not only the solicitation in a national publication, but also the contemplated use of the vehicle in New Jersey, a theory which in our view would itself have supported in personam jurisdiction.
It is clear that New Jersey has exercised its jurisdiction over nonresidents to the outermost limit permitted by the United States Constitution. Charles Gendler & Co. v. Telecom *501 Equip. Corp., 102 N.J. 460, 469 (1986); Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971). Due process does not require that a defendant have a corporate or individual presence in the forum in order to be subject to an in personam jurisdiction, but merely that "he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, supra, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102, (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). The defendant's contacts with the forum state must be such that "he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). Defendant is deemed to have notice that it may be subject to suit when it "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). But the actions in this case do not and need not rise to this level. If the cause of action is related to the defendant's contacts with the forum state, "an isolated act may be sufficient to subject the defendant to the jurisdiction of the forum." Charles Gendler & Co. v. Telecom Equip. Corp., supra, 102 N.J. at 471. See also McGee v. International Life Ins., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957). In such a case, the two-step process outlined in Charles Gendler & Co. is employed:
The first step in a minimum-contacts analysis, therefore, is to determine whether the defendant has sufficient contacts with the forum state. The second step is to evaluate those contacts `in light of other factors to determine whether the assertion of personal jurisdiction would comport with `fair play and substantial justice." Burger King Corp. v. Rudzewicz, supra, [471] U.S. at [476], 105 S.Ct. at 2184, 85 L.Ed.2d at 543 (quoting International Shoe Co. v. Washington, Supra, 326 U.S. at 320, 66 S.Ct. at 160, 90 L.Ed. at 104). Thus, the decision whether it is fair and reasonable to compel the non-resident to defend a suit may depend upon a balancing of various factors in addition to the defendant's contacts with the forum. See 2 Moore's Federal Practice ¶ 4.41-1[3], at 4-450 (2d ed. 1985). [102 N.J. at 472].
*502 The Supreme Courts of both the United States and New Jersey have recognized the stream-of-commerce theory. See World-Wide Volkswagen Corp. v. Woodson, supra; Charles Gendler & Co. v. Telecom Equip. Corp., supra. A manufacturer which distributes its products beyond the borders of its home state can be subject to long-arm jurisdiction based upon the stream-of-commerce theory "if the manufacturer knew or reasonably should have known" that the system through which its products were distributed would result in their being used in the forum state. Charles Gendler & Co. v. Telecom Equip. Corp., supra, 102 N.J. at 480.
In the case before us we have but a single sale rather than a mass distribution of products. The "stream" of commerce here may be only a trickle or even a drop. However, the stream-of-commerce theory is equally applicable to a foreign defendant which sold a single product with actual or assumed knowledge that it would be used in and have consequences in the forum state. Whether defendant at the time of the sale knew of where plaintiff intended to use the truck is not explicit in the papers; nevertheless, defendant's knowledge can be assumed from uncontroverted facts. As admitted by defendant in its brief, plaintiffs made numerous trips to Maryland to observe repairs made to the truck under defendant's supervision and to pay for and take delivery of it from defendant. It seems inconceivable that during all these contacts between plaintiff and defendant that no mention was made of plaintiff's home state. Also, a garbage truck is normally used for local operations near the operator's home base, not for interstate travel. Any defect which developed would affect plaintiff in New Jersey. Defendant presented nothing in its papers to rebut this assumption.
Given its direct dealings with the New Jersey plaintiff, defendant here has even stronger contacts with New Jersey than those in an impersonal sale through a distributor. In the latter situation the stream-of-commerce theory provides an adequate *503 basis for long-arm jurisdiction, unless the presence of the product in the forum state is merely occasioned by chance or fortuitous circumstances. World-Wide Volkswagen Corp. v. Woodson, supra. It is clear that where a defendant takes an action knowing that it will have an effect in the forum state, it may be subject to jurisdiction for claims based upon such consequences. J.W. Sparks & Co. v. Gallos, 47 N.J. 295, 303 (1966); Semcor, Inc. v. Satellite Air Transp. Associates, 201 N.J. Super. 386 (Law Div. 1985).
Having solicited business through a national publication and sold the truck to plaintiff under the circumstances described earlier, defendant may properly be sued in New Jersey for damages arising out its breach of the sales agreement and may be served by substituted service as provided in R. 4:4-4(c)(1). Exercise of such long-arm jurisdiction offends no notion of fair play or substantial justice.
The order appealed from is reversed. This matter is remanded to the Law Division for further proceedings in accordance with this opinion.
NOTES
[1] Although the dismissal was stated to have been with prejudice, dismissal of this nature should have been without prejudice, since it is possible that personal service might have been effected in New Jersey or other facts could later have come to light justifying the exercise of long-arm jurisdiction.