236 N.J. Super. 473 (1989)
566 A.2d 227
RUETGERS-NEASE CHEMICAL COMPANY, INC., PLAINTIFF-RESPONDENT,
v.
FIREMEN'S INSURANCE OF NEWARK, NEW JERSEY, ET AL., DEFENDANTS.
APPEAL OF PENNSYLVANIA INSURANCE GUARANTY ASSOCIATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1989.
Decided November 6, 1989.
*474 Before Judges ANTELL, BILDER and ARNOLD M. STEIN.
*475 John J. McGrath argued the cause for appellant (Duane, Morris & Heckscher, attorneys; John J. McGrath, on the brief).
Robert A. White argued the cause for respondent (Dechert, Price & Rhoads, attorneys; Robert A. White, Matthew V. DelDuca and William J. Kennedy, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
This is a long-arm jurisdiction case. Defendant Pennsylvania Insurance Guaranty Association (Guaranty Association) appeals, on leave granted, from an order of the Law Division denying its motion to dismiss for lack of jurisdiction. The underlying proceeding is a declaratory action in which plaintiff Ruetgers-Nease Chemical Company seeks to establish insurance coverage with respect to environmental contamination claims made against it relating to a number of sites in New Jersey, Pennsylvania and Ohio.[1]
In order to understand the jurisdictional issue raised by this case, it is necessary to know a little about the Guaranty Association and its function. It is an unincorporated association created by the Pennsylvania Insurance Guaranty Association Act. 40 P.S.A. 1701.101 et seq. It is intended to protect policyholders and claimants (within the protected class) from the consequences of carrier insolvency. 40 P.S.A. 1701.102. Protection is afforded to residents of Pennsylvania and to claims arising from an insured event resulting in loss or liability to Pennsylvania property. 40 P.S.A. 1701.103(5). Plaintiff is a Pennsylvania resident.
The Guaranty Association is the mechanism by which the legislative ends are achieved. 40 P.S.A. 1701.102(3). It consists of all insurance companies authorized to write property *476 and casualty insurance policies on a direct basis in Pennsylvania. 40 P.S.A. 1701.201(a). Membership is mandatory. Ibid. Within statutory limits (from one hundred dollars to three hundred thousand dollars), it is required to pay the covered claims of insolvent insurers. 40 P.S.A. 1701.201(b)(1)(i).
[It] shall: Be deemed the insurer to the extent of its obligation on the covered claims and to such extent shall have all rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent. [40 P.S.A. 1701.201(b)(1)(ii)]
It has the usual powers including the right to sue or be sued. 40 P.S.A. 1701.201(b)(2)(iii).
Ruetgers is a Pennsylvania corporation in the business of manufacturing specialty chemicals. It has become subject to claims that it disposed of waste at various sites in New Jersey, Pennsylvania and Ohio and thereby caused contamination for which it is liable. Through the instant law suit against 15 insurance companies and defendant Guaranty Association, it seeks to establish coverage with respect to the environmental claims. In a two-count complaint, it asks for a declaratory judgment that each of the defendants has an obligation to defend and indemnify it and that they have obligations to reimburse it for judgments and settlements it has already paid. The Guaranty Association has been joined as a defendant because two of the insurance policies which plaintiff claims provided coverage were issued by companies which are now insolvent. Plaintiff contends that the Guaranty Association is liable to it for the covered claims of these insolvent companies and for that purpose has become the insurer. It thus joined the Guaranty Association as a defendant in addition to the solvent carriers.
For its part the Guaranty Association contends it has no contacts with New Jersey and therefore is not subject to our jurisdiction. In a traditional sense, its contentions probably *477 cannot be factually contested.[2] It has no physical contacts with the State in terms of officers, employees and the like; does no business as such in the State; and is strictly a creature of Pennsylvania legislation intended to protect insureds from the consequences of a carrier's insolvency with respect to claims wherein the claimant is a Pennsylvania resident or the loss or liability affects Pennsylvania property.
However, presence in the classic understanding is no longer the touchstone of jurisdiction. It is, rather, whether the defendant has at least minimum contacts with the forum such that the acceptance of jurisdiction does not offend traditional notions of fair play and substantial justice. See Charles Gendler & Co. v. Telecom Equipment Corp., 102 N.J. 460, 469-470 (1986). In considering this question, we examine the relationship between the defendant, the forum and the litigation. Ibid. If a sufficient due process nexus exists, we assert jurisdiction because our long-arm statute extends "to the uttermost limits permitted by the United States Constitution." See Avdel Corp. v. Mecure, 58 N.J. 264, 268 (1971).
In his oral opinion of March 31, 1989, the trial judge concluded that the Guaranty Association stood in the shoes of the insolvent carriers and because these companies could be joined,[3] the Guaranty Association could similarly be joined. We agree.
By virtue of Pennsylvania law, the Guaranty Association stands in the shoes of the insolvent carriers and is liable to *478 plaintiff under their policies to the same extent the insolvent carriers were, subject to the statutory limits. The Guaranty Association's coverage extends to claims, wherever located, if the claimant is a Pennsylvania resident. 40 P.S.A. 1701.103(5)(a). It may reasonably anticipate being haled into court in appropriate foreign jurisdictions. See Charles Gendler & Co. v. Telecom Equipment Corp., supra 102 N.J. at 470. Most important is the relationship between the defendant, the forum and the litigation. Id. at 471. This litigation involves the financial response to contaminated areas in New Jersey. We have a particular interest in enforcing a right to obtain financial aid in this cleanup.
Affirmed.
NOTES
[1] New Jersey sites include Winslow Township, Egg Harbor, Old Bridge and Sayreville.
[2] Plaintiff argues that defendant as an association is a resident of every state in which a member is a resident. Since the Association includes New Jersey companies, plaintiff contends it is a resident of our State. Like the trial judge, our conclusion as to long-arm jurisdiction makes consideration of this argument unnecessary. We note, however, that this is not a voluntary association but a creature of Pennsylvania law given the title of "association."
[3] One is a New Jersey company, the other a foreign company which was licensed to do business in New Jersey and authorized the Insurance Commissioner to accept service on its behalf.