**INSET SYSTEMS, INC., Plaintiff,**

v.

**INSTRUCTION SET, INC., Defendant.**

**Civil No. 3:95CV–01314 (AVC).**

United States District Court,
D. Connecticut.

April 17, 1996.

Anthony B. Corleto, Danbury, CT, for plaintiff.

Michael T. McCormack, Howd & Ludorf, Hartford, CT, Matthew L. Donohue, Holyoke, MA, for defendant.

## MEMORANDUM OF DECISION
## ON MOTION TO DISMISS

COVELLO, District Judge.

This is an action for damages and injunctive relief based upon an alleged infringement of a trademark. It is brought pursuant to the Federal Trademark Act, 15 U.S.C. §§ 1051–1127. In addition, the complaint alleges violations of various state common law tenets concerning unfair competition and trademark infringement, as well as violations of C.G.S. § 35–11i(c) concerning dilution and injury to business reputation, and C.G.S., ch. 735a, §§ 42–110a et seq. of the Connecticut Unfair Trade Practices Act.

The defendant, Instruction Set, Inc., now moves pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure to dismiss the complaint in its entirety based upon a lack of personal jurisdiction over the defendant and for the further reason that venue is set in the wrong forum [1]. The issues presented are: 1) whether the Connecticut long-arm statute, C.G.S. § 33–411(c) confers jurisdiction over the defendant, Instruction Set, Inc.; 2) whether the statute's jurisdictional reach as applied to Instruction Set, Inc. meets the "minimum contacts" required to satisfy constitutional due process; 3) whether venue is proper. The court concludes: 1) that the plaintiff has established solicitation by the defendant, Instruction Set, Inc., within the meaning of Connecticut long-arm statute, C.G.S. § 33–411(c)(2), so that long-arm jurisdiction is proper; 2) that the plaintiff has established the minimum contacts necessary to comport with due process; 3) that venue is proper according to 28 U.S.C. 1391(b). Accordingly, the motion to dismiss is denied.

## FACTS

An examination of the complaint, memorandums, and accompanying affidavit reveals the following: The plaintiff, Inset Systems, Inc. ("Inset"), is a corporation organized under the laws of the state of Connecticut, with its office and principal place of business in Brookfield, Connecticut. Inset develops and markets computer software and other related services throughout the world. The defendant, Instruction Set, Inc. ("ISI"), is a corporation organized under the laws of the state of Massachusetts, with its office and principal place of business in Natick, Massachusetts. ISI provides computer technology and support to thousands of organizations throughout the world. ISI does not have any em-

---

1. 28 U.S.C. § 1406(a) provides that: "The district court of a district in which is filed a case laying venue in the wrong division or district, shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

ployees, nor offices within Connecticut, and it does not conduct business in Connecticut on a regular basis.

On August 23, 1985, Inset filed for registration as the owner of the federal trademark INSET. On October 21, 1986, Inset received registration number 1,414,031.

Thereafter, ISI obtained "INSET.COM" as its Internet domain address. ISI uses this domain address to advertise its goods and services.

The Internet is a global communications network linked principally by modems which transmit electronic data over telephone lines. Worldwide there are approximately 20 to 30 million users of the Internet. Domain addresses are similar to street addresses, in that it is through this domain address that Internet users find one another. A domain address consists of three parts: the first part identifies the part of the Internet desired such as world wide web (www), the second part is usually the name of the company or other identifying words, and the third part identifies the type of institution such as government (.gov) or commercial (.com), etc. If a company uses a domain which is identical to the name or trademark of a company, an Internet user may inadvertently access an unintended company. Thereafter, the Internet user may not realize that the advertisement is actually from an unintended company, or the Internet user may erroneously assume that the source of information is the intended company. As a result, confusion in the marketplace could develop.

Unlike television and radio, in which advertisements are broadcast at certain times only, or newspapers in which advertisements are often disposed of quickly, advertisements over the Internet are available to Internet users continually, at the stroke of a few keys of a computer. At this time there are at least 10,000 Internet connected computer users in the state of Connecticut.

Inset first learned of ISI's Internet domain address in March, 1995 when attempting to obtain the same Internet domain address.

ISI also uses the telephone number "1–800–US–INSET" to further advertise its goods and services. Inset did not authorize ISI's use of its trademark, "INSET", in any capacity. ISI continues to use "INSET" in relation to both its Internet domain address and its toll-free number. On June 30, 1995, the plaintiff filed the within action.

### STANDARD

"On a [Federal Rules of Civil Procedure], Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing with 'actual proof' that the court has personal jurisdiction over the defendant." *Ensign–Bickford Co. v. ICI Explosives USA Inc.,* 817 F.Supp. 1018, 1026 (D.Conn.1993); *See also Whelen Eng'g Co., Inc. v. Tomar Elecs.,* 672 F.Supp. 659, 661–662 (D.Conn.1987). "To survive the motion, the plaintiff must make a 'prima facie showing' through affidavits or other evidence that the defendant's conduct was sufficient for the court to exercise personal jurisdiction." *Ensign–Bickford Co.,* 817 F.Supp. at 1026; *See also Whelen Eng'g Co.,* 672 F.Supp. at 661–662. "A defendant's conduct is sufficient for the exercise of personal jurisdiction if (1) the conduct satisfies the requirements of the [Connecticut] long-arm statute, [C.G.S. § 33–411(c) ] ... and (2) the conduct satisfies the 'minimum contacts' requirement of the Due Process Clause of the Fourteenth Amendment." *Ensign–Bickford Co.,* 817 F.Supp. 1018, 1026 (D.Conn.1993); *See also World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

### DISCUSSION

1. *Connecticut Long–Arm Statute*

■ ISI, the defendant, in the within motion does not specifically address whether the Connecticut long-arm statute, C.G.S. § 33–411(c)[2] has been satisfied in the present instance.

---

**2.** C.G.S. § 33–411(c) provides, in relevant part, that: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or

by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in

Inset, the plaintiff, on the other hand, argues that the requirement of the Connecticut long-arm statute, C.G.S. § 33–411(c)(2) has been satisfied because ISI has repeatedly solicited business within Connecticut via its Internet advertisement and the availability of its toll-free number.

The Connecticut long-arm statute, C.G.S. § 33–411(c)(2) states that "Every foreign corporation shall be subject to suit in this state, by a resident of this state ... on any cause of action arising ... (2) out of any business solicited in this state ... if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state ..."

In *McFaddin v. National Executive Search, Inc.*, 354 F.Supp. 1166, 1169 (D.Conn. 1973), the court held that "the placing of at least six franchise ads over a six-month period in a newspaper whose circulation clearly includes Connecticut (citation omitted) demonstrates a sufficiently repetitious pattern to satisfy subsection (c)(2)" of the Connecticut long-arm statute, C.G.S. § 33–411. *See also Whelen Eng'g Co.*, 672 F.Supp. 659 (advertising in 30 publications known to have been circulated in Connecticut over the course of a year and a half, plus delivery of 30 allegedly infringing catalogs to Connecticut residents, plus two sales of the allegedly infringing products to Connecticut residents, which may or may not have been due to the solicitation activities, satisfies C.G.S. § 33–411(c)(2)).

Similarly, since March, 1995, ISI has been continuously advertising over the Internet, which includes at least 10,000 access sites in Connecticut. Further, unlike hard-copy advertisements noted in the above two cases, which are often quickly disposed of and reach a limited number of potential consumers, Internet advertisements are in electronic printed form so that they can be accessed again and again by many more potential consumers.

The court concludes that advertising via the Internet is solicitation of a sufficient repetitive nature to satisfy subsection (c)(2) of

the Connecticut long-arm statute, C.G.S. § 33–411, thereby conferring Connecticut's long-arm jurisdiction upon ISI.

2. *Minimum Contacts*

The defendant claims that personal jurisdiction is lacking here because it does not have sufficient minimum contacts within Connecticut to satisfy constitutional precepts concerning due process. Minimum contacts are lacking, according to the defendant, because it is a Massachusetts corporation with its office and principal place of business in Natick, Massachusetts, "it does not conduct business in Connecticut on a regular basis," and it "does not maintain an office in Connecticut, nor does it have a sales force or employees in the State."

The plaintiff responds that minimum contacts comporting with due process have been satisfied because the defendant has used the Internet, as well as its toll-free number to try to conduct business within the state of Connecticut.

"[Due Process] limitations require that a nonresident corporate defendant have 'minimum contacts' with the forum state such that it would reasonably anticipate being haled into court there. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 [100 S.Ct. 559, 567, 62 L.Ed.2d 490] (1980). [Further], [m]aintenance of the suit in the forum state cannot offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95] (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463 [61 S.Ct. 339, 342–343, 85 L.Ed. 278] (1940)." (internal quotation marks omitted) *Combustion Eng'g, Inc. v. NEI Int'l Combustion, Ltd.*, 798 F.Supp. 100, 103 (D.Conn.1992).

a. *Reasonably Anticipate*

The essence of the minimum contacts test is "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2

this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising ... (2) out of any business solicited in this state by mail or otherwise if the

corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state ..."

L.Ed.2d 1283 (1958) (citing *International Shoe Co.*, 326 U.S. at 319, 66 S.Ct. at 159–160). *See also Ensign–Bickford Co.*, 817 F.Supp. at 1029; *Combustion Eng'g, Inc.*, 798 F.Supp. at 105. This "due process inquiry rests upon the totality of the circumstances rather than any mechanical criteria ...." *Combustion Eng'g, Inc.*, 798 F.Supp. at 105.

In *Whelen Eng'g Co.*, 672 F.Supp. at 664, the court concluded that because "[the defendant] readily supplied interested potential customers with catalogs advertised in periodicals having Connecticut circulation, provided products on order ..., and demonstrated its readiness to initiate telephone solicitation of Connecticut customers," it purposefully availed itself of the privilege of doing business within the state and therefore, could reasonably be expected to be hailed into court. *See McFaddin*, 354 F.Supp. 1166.

In the present case, Instruction has directed its advertising activities via the Internet and its toll-free number toward not only the state of Connecticut, but to all states. The Internet as well as toll-free numbers are designed to communicate with people and their businesses in every state. Advertisement on the Internet can reach as many as 10,000 Internet users within Connecticut alone. Further, once posted on the Internet, unlike television and radio advertising, the advertisement is available continuously to any Internet user. ISI has therefore, purposefully availed itself of the privilege of doing business within Connecticut.

The court concludes that since ISI purposefully directed its advertising activities toward this state on a continuing basis since March, 1995, it could reasonably anticipate the possibility of being hailed into court here.

### b. *Fair Play and Substantial Justice*

█ Since the defendant contends that no minimum contacts exist, it did not address the fairness of such a finding.

The plaintiff states that it is fair to adjudicate the present case in Connecticut because

travel time between Natick, Massachusetts and Hartford, Connecticut is less than two hours, and the defendant has retained counsel within the state of Connecticut.

"The minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has the requisite minimum contacts with the forum. However, where minimum contacts have been established the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Combustion Eng'g, Inc.*, 798 F.Supp. at 106 (citing *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 2184–2185, 85 L.Ed.2d 528 (1985)). The factors to be considered are "the relative burdens on the plaintiff and defendant of litigating the suit in this or another forum, the forum state's interest in adjudicating the dispute, and the interstate judicial system's interest in efficient resolution of controversies." *Combustion Eng'g, Inc.*, 798 F.Supp. at 106 (citing *Burger King*, 471 U.S. at 476–77, 105 S.Ct. at 2184–2185).

In the present case, the distance between Connecticut and Massachusetts is minimal. Further, since the present action also concerns issues of Connecticut common and statutory law, Connecticut has an interest in adjudicating the dispute. This being the case, adjudication in Connecticut would dispose of this matter efficiently. Therefore, the court concludes that its finding of minimum contacts in this case comports with notions of fair play and substantial justice.

### 3. *Venue*

█ The defendant next claims that, according to 28 U.S.C. § 1391(b)[3], venue is improper because the defendants reside in different states, the events or omissions giving rise to this claim took place in Massachusetts, and this action, therefore, should be prosecuted in Massachusetts.

The plaintiff responds that subsection (1) of 28 U.S.C. § 1391(b) which states that "a

---

**3.** 28 U.S.C. § 1391(b) provides, in relevant part, that: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, ..., be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no

civil action ... may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state ...," has been satisfied in this case. This is because 28 U.S.C. § 1391(c)[4] provides that: "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced ..." Since the defendant, ISI, a corporation, is subject to personal jurisdiction in Connecticut, then for venue purposes, it is deemed to reside in Connecticut.

The court concludes, therefore, that the provisions of § 1391(b)(1) having been complied with, Connecticut venue is proper.

### Conclusion

For the foregoing reasons, the motion to dismiss is denied (Document No. 7).

district in which the action may otherwise be brought."

4.  28 U.S.C. § 1391(c) provides, in relevant part, that: "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced ..."