**QUALITY SOLUTIONS, INC., Plaintiff,**

v.

**Henry ZUPANC, et al., Defendants.**

**No. 1:97–CV–1228.**

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 23, 1997.

---

Steven S. Kaufman, Robin Mains Wilson, Kaufman & Cumberland, Cleveland, OH, Scott P. Sandrock, Sr., Black, McCuskey, Souers & Arbaugh, Canton, OH, for plaintiff.

Deborah A. Coleman, Sharon A. Riegel, Hahn, Loeser & Parks, Cleveland, OH, for defendants.

### MEMORANDUM OPINION AND ORDER

NUGENT, District Judge.

The instant trademark infringement action is before the Court on Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. (Docu-

ment #8). Defendants filed their Motion to Dismiss on October 24, 1997. Plaintiff filed a Memorandum in Opposition to the dismissal motion on November 26, 1997, to which Defendants filed a Reply on December 5, 1997. Plaintiff, with the Court's permission, filed Supplemental Evidentiary Materials on December 9, 1997.

The Court denied Defendants' Motion to Dismiss on December 18, 1997, specifying that a Journal Entry would follow separately. By the instant Memorandum Opinion and Order the Court hereby issues the above-mentioned Journal Entry.

 Defendants allege that the Court lacks personal jurisdiction over them because Plaintiff has not alleged facts satisfying the requirements of the Ohio Long Arm Statute, Ohio Rev.Code § 2307.382, or demonstrating sufficient minimum contacts to satisfy the Due Process Clause of the United States Constitution. Defendants' arguments are unpersuasive.

 The Ohio Long Arm Statute extends personal jurisdiction over

"a cause of action arising from the person's:

* * *

(4) Causing *tortious injury in this state* by an act or omission outside this state if *he regularly does or solicits business,* or *engages in any other persistent course of conduct,* or derives substantial revenue from goods used or consumed or services rendered in this state; * * *."

Ohio Revised Code § 2307.382(A) (emphasis added). The Ohio Long Arm Statute reaches as far as the Due Process Clause of the United States Constitution will allow. *See R.L. Lipton Distributing Co. v. Dribeck Importers, Inc.,* 811 F.2d 967, 969 (6th Cir. 1987).

Plaintiff has alleged facts supporting the exercise of personal jurisdiction over the Defendants. The relevant facts relate to Defendants' efforts to solicit business in Ohio using Plaintiff's trademark.[1] In September of 1996, for example, Defendants advertised in "Quality Progress," a trade journal contain-

---

1. Plaintiff's registered trademark is "Quality So- lutions, Inc."

ing a directory of businesses providing quality consulting services. In the September 1996 issue of Quality Progress, Defendants were listed under the name "Quality Solutions Inc. (Canada)." Defendants' listing was right above the listing for Plaintiff, which of course was listed under its trademark— "Quality Solutions, Inc." Circulation figures provided by Quality Progress for December 1996 show an international circulation, but almost ninety (90) percent of that circulation was domestic. Within the domestic circulation figures, Ohio *had the third largest circulation.* Thus, the act of advertising in the trade journal reasonably can be construed as an attempt to solicit business within Ohio.

Even more compelling is Defendants' use of an Internet site that promotes its business under the name of "Quality Solutions." This Internet site can be accessed easily in the state of Ohio. *See* Exhibit B to Plaintiff's Supplemental Evidentiary Materials. Moreover, Defendants have obtained a registration for the Internet domain name "QUALITYSOLUTIONS.COM" from Network Solutions, Inc., an international registrar of domain names with the ".com" phrase. The Court concludes that Defendants' listing in the Quality Progress trade journal, along with the maintenance of an accessible Internet site promoting Defendants' services under the name "Quality Solutions," constitutes tortious injury resulting from the regular solicitation of business under paragraph four of the Ohio Long Arm Statute.[2]

The exercise of personal jurisdiction in this case is consistent with the Due Process Clause. The above-enumerated acts of Defendants represent sufficient "minimum contacts" with Ohio such that Defendants "should reasonably anticipate being haled into court [here]". *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Defendants' marketing efforts, through both the Quality Progress trade journal and the Defendants' Internet site, represent deliberate attempts to solicit business from the Ohio market. Having attempted to take advantage of the benefits of soliciting business from Ohio residents, Defendants cannot avoid the attendant burdens that go along with that solicitation.

For the foregoing reasons, Defendants' Motion to Dismiss is accordingly **DENIED**.

IT IS SO ORDERED.

---

2. Other courts have relied on a defendant's use of an Internet site as support for exercising personal jurisdiction. *See Maritz, Inc. v. Cybergold, Inc.,* 947 F.Supp. 1328, 1330–34 (E.D.Mo.1996); *Inset Systems, Inc. v. Instruction Set, Inc.,* 937 F.Supp. 161, 163–65 (D.Conn.1996); *Digital Equipment Corp. v. Altavista Technology, Inc.,* 960 F.Supp. 456, 472 (D.Mass.1997). *But see Hearst Corporation v. Ari Goldberger,* 1997 WL 97097 (S.D.N.Y.1997) (Report and Recommendation of Magistrate Judge recommending finding of lack of personal jurisdiction based on maintenance of Internet site).