Steven MAYNARD, Plaintiff–Appellant,

v.

PHILADELPHIA CERVICAL COLLAR COMPANY, INC., Charles Greiner and Company, Inc., Salvatore Calabrese, Anthony Calabrese, Carolyn Calabrese, and Rita Calabrese, Defendants–Appellees,

and

Frank Gramaglia, and Joseph Gramaglia, Defendants–Appellees,

and

Anthony Calabrese (Grandchildren and Great Grandchildren of), Ernest Gramaglia, Elvira Gramaglia, Lisa Small, and Sue Druskoczi, Defendants.

No. 00–1555.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 15, 2001.

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.

PER CURIAM.

Steven Maynard, *pro se,* seeks review of the June 19, 2000, order by the United States District Court for the Eastern District of Kentucky, adopting the February 3, 2000 and May 26, 2000, proposed findings of fact and recommendations of the Magistrate Judge, dismissing Maynard's patent infringement complaint for lack of personal jurisdiction over Philadelphia Cervical Collar Company, Inc. ("Philadelphia Cervical"); Charles Greiner and Company, Inc. ("Greiner Company"); Salvatore Calabrese, Anthony Calabrese (grandchildren and great grandchildren of), the Estate of Anthony Calabrese, Carolyn Calabrese, and Rita Calabrese (collectively,

"Calabrese defendants"); and Frank Gramaglia, Joseph Gramaglia, Ernest Gramaglia, and Elvira Gramaglia (collectively, "Gramaglia defendants"). *Maynard v. Philadelphia Cervical Collar Co., Inc. et al.,* No. 99–CV–141 (E.D. Ky. June 19, 2000). We *affirm.*

■ Kentucky's long-arm statute "extends personal jurisdiction over nonresidents only to the limits of the Constitution's due process clause." *Wright v. Sullivan Payne Co.,* 839 S.W.2d 250, 253 (Ky.1992). Therefore, the analysis of whether the court has personal jurisdiction over an out-of-state party merges "into the single question of whether the jurisdiction sought is within the requirements of due process" under the Constitution. *First Nat'l Bank of Louisville v. J.W. Brewer Tire Co.,* 680 F.2d 1123, 1125 (6th Cir.1982).

■ Maynard asserts that specific jurisdiction exists over the defendants in Kentucky. Specific jurisdiction exists when a non-resident defendant deliberately establishes minimum contacts with the forum state, the cause of action arises out of such contacts, and the exercise of jurisdiction is constitutionally reasonable. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

*Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), recognized that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Therefore, we address whether the defendants purposely directed their activities at residents of Kentucky.

■ Maynard asserts that Philadelphia Cervical purposefully directed its activities

at residents of Kentucky when it (1) sent a letter to Maynard in Kentucky dated December 1, 1992, (2) maintained an Internet web page, and (3) sold a Philadelphia Cervical product to Maynard in Kentucky. First, Maynard alleges that Philadelphia Cervical sent a letter to him proposing a possible business venture between the two parties. The Magistrate Judge found that this was the only correspondence sent by Philadelphia Cervical to Maynard. Furthermore, the letter was sent to Maynard more than two years before the alleged patent was infringed, six years before this complaint was initially filed.

■ Second, Maynard relies on *Inset Sys., Inc. v. Instruction Set, Inc.,* 937 F.Supp. 161 (D.Conn.1996), *EDIAS Software Int'l, LLC v. BASIS Int'l Ltd.,* 947 F.Supp. 413 (D.Ariz.1996), and *Heroes, Inc. v. Heroes Found.,* 958 F.Supp. 1, 41 USPQ2d 1513 (D.D.C.1996), for support that maintaining a web page is sufficient to establish jurisdiction. However, in each of these cases, the defendants performed additional acts to purposefully avail themselves of the forum state, such as advertising, *Inset Sys.,* 937 F.Supp. at 164, conducting business transactions with residents of the forum state, *EDIAS Software,* 947 F.Supp. at 421, and soliciting funds from residents in the forum state, *Heroes, Inc.,* 958 F.Supp. at 4–5, 41 USPQ2d at 1517. In the instant case, Philadelphia Cervical simply created a general access web page to provide information. It did not contact users in Kentucky, did not allow users to enter into contractual agreements with the company, and did not target its advertisements towards residents in the forum state. A passive website is insufficient to establish purposeful availment for the purpose of due process. *Cybersell, Inc. v. Cybersell, Inc.,* 130 F.3d 414, 419–20, 44 USPQ2d 1928, 1933 (9th Cir.1997); *Mink v. AAAA*

*Dev. LLC,* 190 F.3d 333, 336–337, 52 USPQ2d 1218, 1220–21 (5th Cir.1999) (A website is passive even though it posts information regarding a company's products and services, provides the user with printable forms, and displays the company's contact information.). Therefore, Philadelphia Cervical's passive web site is insufficient grounds to establish personal jurisdiction in Kentucky.

■ Last, Maynard alleges that he was able to purchase a Philadelphia Cervical product in Kentucky. However, Maynard ordered this product from a third-party distributor and initiated the sale himself. Introducing a product into a stream of commerce is insufficient to establish personal jurisdiction-there must be an additional act to satisfy constitutional due process requirements. *See Asahi Metal Indus. Co., Ltd. v.Super. Ct. of California,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

■ The district court also dismissed Maynard's complaint against the Calabrese defendants for lack of personal jurisdiction. With the exception of Salvatore Calabrese, none of the Calabrese defendants has ever lived, visited, owned property, conducted business, or otherwise purposely availed themselves of Kentucky's laws. Anthony Calabrese died roughly nine years before the initial complaint was even filed. Maynard asserts that Salvatore Calabrese purposefully availed himself to Kentucky while fulfilling his duties as President of Philadelphia Cervical. Salvatore Calabrese's isolated act of sending a letter to Maynard in Kentucky, while acting as President of Philadelphia Cervical, is insufficient to invoke personal jurisdiction. *See 3D Sys.,* 160 F.3d at 1380, 48 USPQ2d at 1778. Therefore, the district court properly dismissed the Calabrese defendants for lack of personal jurisdiction.

■ The district court also properly dismissed the Greiner Company for lack of personal jurisdiction because the company had no contacts whatsoever with Kentucky and, furthermore, is no longer in existence. The Greiner Company merged with Philadelphia Cervical three years before the alleged infringed patents were issued, and approximately seven years before Maynard filed this complaint.

■ Finally, the district court properly dismissed the Gramaglia defendants because there is no evidence that they purposely availed themselves of Kentucky. Maynard asserts that Kentucky has personal jurisdiction over the Gramaglia defendants because each family member owned an interest in Philadelphia Cervical. However, the district court found that all of the Gramaglia defendants sold their entire ownership interest in Philadelphia Cervical over twenty years ago, and are no longer involved with the company. Additionally, Elvira Gramaglia is deceased.

Because we have found no evidence that Philadelphia Cervical, the Greiner Company, the Calabrese defendants, and the Gramaglia defendants purposely availed themselves of the laws and benefits of conducting business in Kentucky, we conclude that the district court properly found that it lacked personal jurisdiction over them.

■ Maynard asserts that he should have been permitted to conduct discovery concerning the jurisdictional facts, and that the district court erred when it denied his requests. The district court expressly found that there is no reasonable basis to expect that discovery would reveal contacts sufficient to meet the due process requirements to support personal jurisdiction. We cannot say that the district

court's refusal to permit discovery was an abuse of discretion.