**FIRST TENNESSEE NATIONAL CORPORATION, Plaintiff,**

v.

**HORIZON NATIONAL BANK, Defendant.**

No. 02–2335 DA.

United States District Court, W.D. Tennessee, Western Division.

Sept. 30, 2002.

Grady M. Garrison, Chares C. Harrell, Scott K. Haight, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, for Plaintiff.

William H. Haltom, Jr., Michael E. Keeney, Thomason, Hendrix, Harvey, Johnson & Mitchell, Memphis, TN, Steven E. Mauer, Bryan Cave LLP, Kansas City, MO, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

DONALD, District Judge.

Plaintiff, First Tennessee National Corporation ("First Tennessee"), filed a complaint against Defendant, Horizon National Bank ("Horizon"), on May 3, 2002. On July 8, 2002, Defendant filed a motion to dismiss the complaint based upon discretionary abstention or in the alternative, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). For the following reasons, this Court denies the motion to dismiss.

### I. Background

First Tennessee provides banking and financial services nationwide. Horizon is a national banking association with its principal place of business in Kansas City, Kansas. Horizon operates a nationwide internet mortgage loan operation. Customers may complete on-line mortgage loan applications on Horizon's website.

First Tennessee uses the service marks "HORIZON," "HORIZON BANK," and "FIRST HORIZON" in connection with its various banking and financial services. In this Court, First Tennessee asserts that Horizon's usage of the trade name and mark "HORIZON NATIONAL BANK" to identify its banking, mortgage, and home equity lending services violates the common law and 15 U.S.C. §§ 1114, 1125. The complaint states four causes of action including trademark infringement, false designation of origin and false representation, palming off, and unfair competition.

Horizon filed a motion to dismiss the complaint. Horizon urges this Court to dismiss First Tennessee's complaint due to lack of personal jurisdiction and improper venue. In addition, Horizon argues that this Court should abstain from hearing the case in recognition of a suit filed by First Horizon Home Loan Corporation ("First Horizon"), et al., against Horizon National Bank on January 9, 2001, in a Kansas state court. First Horizon is a subsidiary and affiliate of First Tennessee. In the Kansas state action, First Horizon has alleged seventeen causes of action. These causes of action include claims for breach of contract, temporary and permanent injunctive relief, tortious interference, breach of loyalty and fidelity, breach of fiduciary duty, negligent misrepresentation, fraudulent misrepresentation, spoliation, conversion, tortious interference with non-contractual business relationship, civil conspiracy, aiding and abetting, and unfair competition due to inevitable disclosure.

## II. Motion to Dismiss

In considering a motion to dismiss, "the court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir.2002) (quoting *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Absent an evidentiary hearing on the issue of personal jurisdiction, the plaintiff "need only make a prima facie showing of jurisdiction." *Id.* (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir.2002)). A prima facie showing of jurisdiction may be established based upon the plaintiff's pleadings and affidavits. *Bridgeport Music, Inc. v. Agarita Music, Inc.*, 182 F.Supp.2d 653, 657 (M.D.Tenn.2002).

## III. Analysis

### A. Abstention

■ Horizon argues that this Court should abstain from deciding this action in deference to the action pending in a Kansas state court. A federal court may abstain from deciding a federal court action in deference to a pending state court action. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A necessary requirement for abstaining is the presence of a parallel state proceeding. *Crawley v. Hamilton County Comm'r*, 744 F.2d 28, 31 (6th Cir.1984). A court is required to examine the cases as they currently exist to determine whether the proceedings are parallel. *Id.* When deciding whether a state action is parallel, the district court must compare the issues in the federal action to the issues in the state court action, not those that might have been raised. *Baskin v. Bath Township Board of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir.1994).

A review of the causes of action in the Kansas state action and the instant case reveals that the actions are not parallel. The claims raised by First Tennessee in this action involve claims for violations of the Lanham Act and for unfair competition. Specifically, First Tennessee asserts that Horizon has engaged in trademark infringement, false designation of origin and false representation, palming off, and

unfair competition. In contrast, the pending action in the Kansas state court involves claims for breach of contract, temporary and permanent injunctive relief, tortious interference, breach of loyalty and fidelity, breach of fiduciary duty, negligent misrepresentation, fraudulent misrepresentation, spoliation, conversion, tortious interference with non-contractual business relationship, civil conspiracy, aiding and abetting, and unfair competition due to inevitable disclosure.

The action in the Kansas state court arises from Horizon's alleged tortious interference with the contracts of two former employees of First Horizon, solicitation of the employees, unfair competition with First Horizon's internet mortgage loan business, and the theft of First Horizon's idea for a trademark, "esmartloan." The trademark claim in the state court action is not related to the trademark claim in this Court. The action in this Court revolves around Horizon's use of the name "Horizon."

Horizon alleges that deposition testimony given in the state court action by one of First Horizon's employees establishes that the competing claims are parallel. The deposition testimony concerns the alleged confusion of customers and third party vendors in distinguishing between the name "Horizon" and "First Horizon." This testimony is not indicative, however, of the underlying action in the state court. The actions are not parallel simply because the deposition testimony given in the state court action mentions factual allegations which are at issue in the legal action pending in this Court. Furthermore, Horizon's assertion that First Tennessee could have brought the instant action in the Kansas state court action is not persuasive. This Court must compare the issues in the federal action to the issues in the state court action, not those that might have been raised.

Moreover, the plaintiff in the state court action is a subsidiary and affiliate of First Tennessee. First Tennessee is not a party to the state court action, and the plaintiff in the state court action is not a party to this action. The defendants in the state court action include some of First Horizon's former employees. In the action in this Court, however, Horizon is the only defendant. Complete identity of the parties is not necessarily required for actions to be parallel. *See Glover v. City of Portland,* 675 F.Supp. 398 (M.D.Tenn.1987). The plaintiff in the state court action, however, has no ownership interest in trademarks at issue. In the instant action, therefore, it is undisputed that the plaintiff in the state court action lacks standing to bring the trademark infringement claim. For the foregoing reasons, this Court concludes that the state and federal actions are not parallel. Accordingly, the Defendant's request for abstention is denied.

### B. *Personal Jurisdiction*

■ Horizon next asserts that this Court lacks personal jurisdiction to decide the case. In diversity actions, a federal court must apply the law of the forum state in which it sits to determine whether personal jurisdiction is appropriate. The court may maintain jurisdiction over a non-resident defendant only in accordance with the forum state's long-arm statute and the limitations of the Due Process Clause of the Constitution. *Reynolds v. Int'l Amateur Athletic Fed'n,* 23 F.3d 1110, 1115 (6th Cir.1994), cert. denied, 513 U.S. 962, 115 S.Ct. 423, 130 L.Ed.2d 338 (1994); *Procter & Gamble Cellulose Co. v. Viskoza–Loznica,* 33 F.Supp.2d 644, 660 (W.D.Tenn.1998). In Tennessee, jurisdiction may be asserted on any basis not inconsistent with the constitution of Tennessee or the United States. *See* Tenn. Code Ann. § 20–2–214(a)(6).

■ Personal jurisdiction may be either specific or general, depending on the nature of the defendant's contacts with the forum state. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir.1992). General jurisdiction exists when "a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989). Specific jurisdiction arises only when the plaintiff establishes that 1) the defendant purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state, 2) the cause of action arose from the defendant's activities in the forum state, and 3) the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968).

■ In the instant case, First Tennessee maintains that this Court has personal jurisdiction over Horizon based upon Horizon's operation of a website. In cases in which the contacts with the forum are based on a defendant's website, courts examine the level of interactivity occurring on the site in determining whether personal jurisdiction exists. *See* Jason H. Eaton, Annotation, *Effect of Use, or Alleged Use, of Internet on Personal Jurisdiction in, or Venue of, Federal Court Case*, 155 A.L.R.Fed. 535 (1999). Several courts rely upon the sliding scale test set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D.Pa.1997), to determine whether personal jurisdiction exists based upon a website. The three general categories are described as follows:

At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id.*

First Tennessee alleges that Horizon's website is highly interactive. The website allows and encourages consumers to complete an on-line mortgage loan application; to join an e-mail list to receive daily commentary on mortgage-related topics; to send in on-line testimonials; and to sign up for the "rate tracker" service whereby customers may complete an on-line form to receive notification via e-mail when a target rate becomes available. In addition, the website permits customers to calculate the amount of their mortgage payments, to determine whether they pre-qualify for a loan, and to obtain personalized service from "expert mortgage loan advisors" via e-mail. First Tennessee also asserts that Tennessee is included in a list of states to which Horizon directs its business activities. Furthermore, Horizon's website

states that Horizon is approved to lend in "ALL 50 States."

Horizon's website is definitely an insufficient basis upon which to base general jurisdiction. *See Bird*, 289 F.3d at 874 (holding that "the fact that [defendant] maintains a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction"). The operation of an Internet website, however, can constitute the purposeful availment of the privilege of acting in the forum state "if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Neogen Corp.*, 282 F.3d at 890. This Court concludes that Horizon has purposefully availed itself of the privilege of acting in the forum state by maintaining a website that permits Tennessee residents to obtain mortgage loans, obtain expert loan advise, and receive daily commentary. *See Bird*, 289 F.3d at 875 (holding that defendant purposefully availed itself of the privilege of acting in the forum state by maintaining a website on which Ohio residents can register domain names and by accepting the business of Ohio residents); *Neogen Corp.*, 282 F.3d at 890 (holding that defendant purposefully availed itself of acting in the forum by granting clients passwords to access the defendant's services on the website and by welcoming the business of Michigan customers on a regular basis). This Court recognizes that First Tennessee has not alleged that Horizon has actually serviced a Tennessee resident. Horizon, however, has not alleged that it has refrained from doing business with Tennessee residents. Moreover, Horizon's website evidences that it is willing and capable of providing services to Tennessee residents. Given that the plaintiff "need only make a prima facie showing of jurisdiction," the defendant's alleged maintenance of a highly interactive website that solicits Tennessee customers is a sufficient basis to find that the defendant has purposefully availed itself of acting in the forum state. *See Quality Solutions v. Zupanc*, 993 F.Supp. 621, 623 (N.D.Ohio 1997) (holding that defendants' marketing efforts, through both a trade journal and internet site, represent deliberate attempts to solicit business from the Ohio market); *Compare Bailey v. Turbine Design, Inc.*, 86 F.Supp.2d 790, 794 (W.D.Tenn.2000) (holding that a general advertisement posting on the internet is insufficient to establish personal jurisdiction).

The second requirement for finding specific jurisdiction is whether First Tennessee's claims "arise from" Horizon's contacts with Tennessee. "If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir.1996). The cause of action need not formally arise from defendant's contacts with the forum, but only have a substantial connection with the defendant's in-state activities. *Third Nat'l Bank*, 882 F.2d at 1091. The operative facts in this case include allegations that Horizon engaged in trademark infringement, false designation of origin and false representation, palming off, and unfair competition. Horizon's contacts with Tennessee and First Tennessee's allegations stem in part from Horizon's operation of an interactive website that exhibits the alleged infringement. Therefore, the operative facts are "at least marginally related to the alleged contacts between [defendant] and [Tennessee]." *Bird*, 289 F.3d at 875. Accordingly, First Tennessee's claims arise from Horizon's contacts with Tennessee.

The final factor for finding specific jurisdiction is that the exercise of jurisdiction must be reasonable in light of the connection that allegedly exists between the de-

fendant and the forum. An inference arises that the third factor is satisfied if the first two factors are met. *CompuServe, Inc.,* 89 F.3d at 1268 (stating that "if we find, as we do, the first two elements of a prima facie case—purposeful availment and a cause of action arising from the defendant's contacts with the forum state—then an inference arises that this third factor is present"). A determination of the reasonableness factor requires an examination of the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies. *Id.* (internal quotation marks and citation omitted).

Horizon may find it burdensome to defend a lawsuit in Tennessee. This burden, however, is outweighed by Tennessee's legitimate interest in protecting the interests of its residents and businesses. First Tennessee definitely has an interest in obtaining relief. Although the state of Kansas has an interest in this action, that interest does not override the previous factors that suggest that personal jurisdiction in Tennessee is reasonable. Based upon the foregoing reasons, this Court concludes that First Tennessee has satisfied the three factor requirement for establishing a prima facie case of personal jurisdiction.

## C. *Venue*

Horizon asserts that venue over the instant action is not properly before this Court. First Tennessee alleges that venue is proper pursuant to 28 U.S.C. § 1391. Title 28 U.S.C. § 1391(b) provides in pertinent part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated...." The

statute continues in section (c) to state that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

As discussed previously, this Court concludes that the exercise of personal jurisdiction over the defendant is proper. As such, venue in this Court is proper pursuant to 28 U.S.C. § 1391(c). The motion to dismiss based on improper venue is therefore denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **DENIED.**