**KUN SHAN GE RUI TE TOOL CO. LTD., Plaintiff,**

v.

**MAYHEW STEEL PRODUCTS, INC., Defendants.**

Civil Action No. 3:10–CV–01021 (JCH).

United States District Court, D. Connecticut.

Sept. 27, 2010.

Anthony H. Handal, Handal & Morofsky, Fairfield, CT, for Plaintiff.

Benjamin Michael Coyle, Michael J. Coyne, Bacon & Wilson, Springfield, MA, for Defendants.

**RULING RE: DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND MOTION IN THE ALTERNATIVE TO TRANSFER VENUE (Doc. No. 10)**

JANET C. HALL, District Judge.

## I. INTRODUCTION

Plaintiff Kun Shan Ge Rui Te Tool Co., Ltd. ("Kun Shan") brings this action against defendant Mayhew Steel Products, Inc. ("Mayhew Steel") for alleged infringements by Mayhew Steel of an exclusive patent for a "Telescopic Light Device." Kun Shan asserts two causes of action: (1) patent infringement in violation of 35 U.S.C. §§ 271, 281–85; and (2) federal unfair competition arising under the Trademark Act of 1946, the Judicial Code, and the Lanham Act. Mayhew Steel moves to dismiss the action for improper venue under Rule 12(b)(3) of the Federal Rules of

Civil Procedure. In the alternative, Mayhew Steel requests that the court transfer the matter to the United States District Court of the District of Massachusetts, Western Division. For the reasons stated herein, the court finds that venue in the District of Connecticut is improper. Mayhew Steel's Motion to Dismiss for Improper Venue is denied, but the Motion in the Alternative to Transfer Venue is granted.

## II. STANDARD OF REVIEW

A district court may decide a motion to dismiss for improper venue under Rule 12(b)(3) based on the pleadings and affidavits. *See Gulf Insurance Comp. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005). At this stage of the case, the parties have not yet conducted discovery. Thus, the plaintiff only needs to make a *prima facie* showing that venue is proper. *See id.* In deciding whether plaintiff has made the requisite showing, the court views all facts in the light most favorable to the plaintiff. *See Phillips v. Audio Active Limited,* 494 F.3d 378, 384 (2d Cir. 2007).

## III. BACKGROUND

Kun Shan is a company incorporated under the laws of Taiwan. *See* Compl. (Doc. No. 1) at ¶ 1. Kun Shan has not alleged that it operates any offices in Connecticut or that it has any connection to its chosen forum state aside from the presence of its counsel. *See* Compl.; Pl's Mem. in Opp'n to Def's Mot. to Dismiss ("Mem. in Opp'n.") (Doc. No. 11). Mayhew Steel is a company incorporated and organized under the laws of the Commonwealth of Massachusetts, with a principal place of business in Turner Falls, Massachusetts. *See* Def's Mot. to Dismiss or Transfer (Doc. No. 10), at 1.

Since October 10, 2006, Kun Shan has been the patentee and owner of all rights under United States Patent No. D530,-030S, entitled "Telescopic Light Device."

*See* Compl. at ¶¶ 10–11 & Ex. A. Kun Shan asserts that Mayhew Steel has manufactured, used, sold, and offered for sale in the United States products that infringe the patent. *Id.* at ¶ 12.

Mayhew Steel markets its products at national conventions in major cities, all outside of Connecticut. Mem. in Opp'n, at 4. Mayhew Steel also advertises its products over the internet. Mem. in Opp'n, at 4 & Ex. B. Mayhew Steel's website does not permit online purchases, but instead invites viewers to contact it by telephone or fax, or to visit in person in Massachusetts. *Id.* Mayhew Steel sells its products through multistate retailers with stores in Connecticut, including Sears, Wal–Mart, Kmart, and Aubuchon. Mem. in Opp'n, Ex. C, H, J, L, & M.

## IV. DISCUSSION

Defendant Mayhew Steel argues that the District of Connecticut is an improper venue for the resolution of Kun Shan's claims. Def's Mot. to Dismiss or Transfer, at 1. In its Complaint, Kun Shan originally asserted that venue was proper pursuant to 28 U.S.C. § 1391(d) (2006), which specifies that "[a]n alien may be sued in any district." *See* Compl. at ¶ 8. Although Kun Shan is certainly an alien within the meaning of section 1391(d), Mayhew Steel is the party being sued, and it is a domestic corporation, not an alien. *See* 8 U.S.C. § 1101(a)(3) (2006 & 2010 Supp.) (alien "means any person not a citizen or national of the United States"). In its Motion to Dismiss, Mayhew Steel correctly argues that it is not an "alien" and that this suit should instead be governed by the patent venue statute, 28 U.S.C. § 1400 (2006). In its Memorandum in Opposition, Kun Shan concedes that the patent venue statute applies. Mem. in Opp'n, at 3.

### A. *Venue Analysis of Patent Infringement Claim*

The patent venue statute allows two potential venues in a civil action for patent infringement: (1) "the judicial district where the defendant resides"; or (2) "where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (2006) (emphasis added). Because Kun Shan never alleges that Mayhew Steel has a regular and established place of business in Connecticut, Mayhew Steel cannot meet the second test for venue. At issue, therefore, is whether the first test for venue is met: whether Mayhew Steel "resides" in Connecticut.

#### 1. Defining "Resides"

■ While the patent venue statute is typically interpreted without reference to general statutory provisions governing venue, it is well-settled that the term "reside" in the patent venue statute should be interpreted as it is defined in the general venue statute. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575 (Fed.Cir.1990) ("We hold that Congress by its 1988 amendment of 28 U.S.C. § 1391(c) meant what it said; the meaning of the term 'resides' in § 1400(b) has changed").[1] The general venue statute provides that, "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (2006). "[T]his chapter" refers to chapter 87 of title 28, which includes sections 1391 through 1413, and thus includes the patent venue statute. *See VE Holding Corp.*, 917 F.2d at 1578; *Bayer Schera Pharma AG*

*v. Sandoz, Inc.*, Nos. 08 Civ. 03710, 08 Civ. 08112, 2009 WL 440381, at *5, n. 2 (S.D.N.Y. Feb. 18, 2009); *Advanced Fiber Technologies Trust v. J & L Fiber Servs.*, No. 07–cv–1191, 2008 WL 4890377, at *1 (N.D.N.Y. Nov. 12, 2008). Mayhew Steel, therefore, "resides" in any jurisdiction in which it is subject to personal jurisdiction.

To determine whether Mayhew Steel is subject to personal jurisdiction in Connecticut, the court must engage in a two-step analysis. *See Patent Rights Protection Group, LLC v. Video Gaming Technologies*, 603 F.3d 1364, 1368–69 (Fed.Cir. 2010). The first step is to apply the forum state's long-arm statute. *Id.* The court only needs to proceed to the second step— analyzing whether personal jurisdiction complies with the Due Process Clause of the United States Constitution—if long-arm jurisdiction exists under the applicable state statute. *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1200–01 (Fed.Cir.2003).

This same two-step process applies whether the law of the Federal Circuit is used to evaluate the issue of personal jurisdiction or the law of the Second Circuit. *See Penguin Group (USA), Inc. v. American Buddha*, 609 F.3d 30, 35 (2d Cir.2010); *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir.2010) ("To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis."). Thus, any personal jurisdiction analysis for Kun Shan's second claim—federal unfair competition—also begins by applying Connecticut's corporate long arm statute.

---

1. The Federal Circuit has jurisdiction over all appeals from federal trial courts in patent infringement cases. *See* 28 U.S.C. § 1295(a)(1) (2006); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 651–52, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999). Absent review by the Supreme Court, the Federal Circuit's interpretation of the patent statutes is dispositive.

### 2. Connecticut's Corporate Long Arm Statute

Sections 33–929(e) and (f) of the Connecticut General Statutes provide for the exercise of personal jurisdiction over foreign corporations. To establish jurisdiction over a foreign corporation pursuant to section 33–929(f), a plaintiff must be "a resident of this state" or "a person having a usual place of business in this state." Kun Shan is not a resident of Connecticut, nor does it have a usual place of business in Connecticut. Consequently, Kun Shan cannot assert personal jurisdiction over Mayhew Steel under section 33–929(f).

By contrast, section 33–929(e) does not contain a residency requirement. Section 33–929(e) provides that "[e]very foreign corporation which transacts business in [Connecticut] in violation of section 33–920 … shall be subject to suit in [Connecticut] upon any cause of action arising out of such business." Section 33–920(a) prohibits foreign corporations from "transact[ing] business in [Connecticut]" without a certificate of authority from the Secretary of State. Thus, section 33–929(e) "authorizes personal jurisdiction over a foreign corporation where: (1) the corporation has transacted business in Connecticut without having obtained a certificate of authority from the Secretary of State; and (2) the [plaintiff's] cause of action arises out of such business." *Preferred Display, Inc. v. Vincent Longo, Inc.*, 642 F.Supp.2d 98, 104 (D.Conn.2009).

■ Although section 33–929 does not define "transacting business," the term "is not broadly interpreted in Connecticut." *Milne v. Catuogno Court Reporting Servs., Inc.*, 239 F.Supp.2d 195, 198 (D.Conn.2002) (citation omitted). Section 33–920(b) lists eleven activities that never constitute "transacting business." All of Mayhew Steel's Connecticut activities fall into one of these eleven categories.

Kun Shan asserts that Mayhew Steel sells infringing products to multistate retailers that operate stores in Connecticut. Even assuming this is true, Mayhew Steel's sales to distributors cannot be considered "transacting business" in Connecticut. *See Ebm–Papst, Inc. v. AEIOMed, Inc.*, No. 3:08–cv–0549, 2009 WL 291012, at *3 (D.Conn. Feb. 6, 2009) (selling product to national distributors and sales representatives that may do business in Connecticut does not constitute transacting business under Connecticut corporate long arm statute). Section 33–920(b) specifically provides that "selling through independent contractors" does "not constitute transacting business." The same section also provides that "transacting business in interstate commerce" does not constitute transacting business in Connecticut. Because sales to multistate retailers do not constitute "transacting business" under Connecticut's corporate long arm statute, Mayhew Steel is not subject to suit in Connecticut for causes of action that arise from those sales.

Similarly, Mayhew Steel's solicitation of business in Connecticut, through its passive website and through its presence at national conventions outside Connecticut, do not constitute "transacting business" in Connecticut. "[S]oliciting or obtaining orders, whether by mail or through employees or agents or otherwise, if the orders require acceptance outside this state before they become contracts," do not constitute transacting business. Conn. Gen.Stat. § 33–920(b)(6) (West 2010).

Kun Shan cites *Inset Systems, Inc. v. Instruction Set, Inc.*, 937 F.Supp. 161 (D.Conn.1996), for the proposition that the operation of a website by a foreign corporation can establish "minimum contacts" with a forum state. Kun Shan does not address the aspect of the *Inset* decision that interprets Connecticut's corporate

long arm statute. In fact, neither party in this matter briefed the application of Connecticut's long arm statute. The court in *Inset* did hold that a foreign corporation's advertising via the internet was sufficient to satisfy Connecticut's long-arm statute and to create the requisite minimum contacts to exercise personal jurisdiction over the corporation. *Id.* at 162. However, the *Inset* decision is distinguishable from this case on numerous grounds.

*Inset* involved a plaintiff that was a Connecticut corporation with a principal place of business in Connecticut. *Id.* Kun Shan is a Taiwanese corporation that does not meet the residency requirements of section 33–929(f). Kun Shan must instead assert personal jurisdiction over Mayhew Steel under the far narrower provisions of sections 33–929(e) and 33–920, which specifically exclude solicitations that require acceptance outside the state to become contracts. Passive websites that require a potential customer to initiate contact with the foreign corporation by telephone, mail, or email, rather than allowing them to order directly over the Internet, cannot support personal jurisdiction. *See American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc.,* 312 F.Supp.2d 247, 254–55 (D.Conn. 2004) ("Exercising personal jurisdiction by way of specific jurisdiction predicated upon the maintenance of a passive web site is not proper."); *Milne,* 239 F.Supp.2d at 200 (foreign corporation's advertising via the internet "falls within one of the enumerated exceptions [section 33–920(b)(6)] to 'transacting business' in section 33–920"). Mayhew Steel's website does not permit online purchases, but instead invites viewers to contact the company by telephone or fax, or to visit in person in Massachusetts.

Given that Kun Shan is not a resident of, nor does it have a principal place of business in, Connecticut and that Mayhew Steel has not "transacted business" within the state, as that term is interpreted in section 33–929(e), there is no long arm jurisdiction over Mayhew Steel with regard to the matters at issue in this case.[2] Accordingly, Mayhew Steel does not "reside" in Connecticut for purposes of the patent venue statute. Connecticut is therefore an improper venue for Kun Shan's patent infringement cause of action.

### B. *Venue Analysis for Claim of Federal Unfair Competition*

■ Kun Shan also asserts a federal question claim of unfair competition. Pursuant to 28 U.S.C. 1391(b) (2006), a civil action for which jurisdiction is not rooted solely on diversity of citizenship grounds may be brought in only three locations: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As discussed above, Mayhew Steel does not reside in the District of Connecticut as that term is defined in the chapter of the United States Code that governs venue for the district courts. 28 U.S.C. §§ 1391–1413 (2006). With regard to the second possible venue, Kun Shan's Complaint does not allege that a substantial part of the events that give rise to the unfair competition claim occurred in Connecticut. *See* Compl. at ¶¶ 15–30. With regard to

---

**2.** Because Mayhew Steel is not subject to personal jurisdiction under the Connecticut long arm statute, the court does not proceed to the due process analysis.

the third possible venue, Mayhew Steel cannot be found in Connecticut, and other districts exist (namely, the District of Massachusetts) where this action may be brought. Therefore, Connecticut is an improper venue for Kun Shan's federal unfair competition claim.

### C. *Transfer of Venue*

■ The court is permitted to transfer a case from a district with improper venue to any other district in which the case could have been brought, but only if "it be in the interest of justice." 28 U.S.C. § 1406(a) (2006). Because Mayhew Steel unquestionably resides in the District of Massachusetts, venue would be proper there. Whereas Kun Shan has no interest in Connecticut as a forum state, other than the location of its attorney, and whereas Mayhew Steel is a Massachusetts corporation with its principal place of business in that state, the court finds that it would serve the interests of justice to transfer this case to the United States District Court for the District of Massachusetts, Western Division. The court exercises its authority to do so. 28 U.S.C. § 1406(a).

## V. CONCLUSION

For the foregoing reasons, the Motion to Dismiss for Improper Venue is **DENIED,** and the Motion in the Alternative to Transfer Venue is **GRANTED.** The Clerk of the Court is directed to transfer the case to the District of Massachusetts, Western Division.

**SO ORDERED.**